**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

VALERIE SOTO,

        Plaintiff,

vs.

AUTOVEST, LLC,

        Defendant.

Case No. 2:14–cv–1765–APG–VCF

**<u>ORDER</u>**

      This matter involves Valerie Soto's civil action against Autovest, LLC under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq*. Before the court is Autovest's Motion to Stay (#22[1]). Soto opposed (#25) and Autovest replied (#26). For the reasons stated below, Autovest's motion is granted.

### BACKGROUND

      Valerie Soto contracted to buy a used 2007 Nissan Quest minivan on December 22, 2007. (Compl. (#1) at ¶ 9, Ex. A). The seller was Planet Nissan, which assigned its rights under the contract to Autovest, LLC. (*Id.*) Soto defaulted and the minivan was repossessed on April 3, 2010. (*Id*. at ¶¶ 10–11).

      On June 17, 2014, Autovest commenced a deficiency judgment action against Soto in state court. (*Id*. at ¶ 9). On October 24, 2014, Soto commenced this action in federal court, alleging that Autovest violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* Soto claims that Autovest's state court action is unlawful because it is barred by the four-year statute of limitations contained in Article 2 of the Uniform Commercial Code. (*Id*. at ¶ 13). Autovest counters that Nevada's six-year statute of

---

[1] Parenthetical citations refer to the court's docket.

1

limitations applies. (Doc. #22 at 1:9).

If Soto is correct, then Autovest may have violated the Act and her federal action will likely proceed. If Soto is incorrect, then Autovest may not have violated the Act and her federal action will likely fail. This dispute raises a question of state law, which will likely be resolved by the state court on or about April 14, 2015,[2] because the parties have filed counter motions for summary judgment. (*Id*. at 1:12). Accordingly, Autovest moves the court to temporarily stay proceedings in this action under *Colorado River's* abstention doctrine.

## LEGAL STANDARD

In *Colorado River*, the U.S. Supreme Court recognized a narrow exception to "the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). When actions are proceeding in a state and a federal court with concurrent jurisdiction and both actions involve the same matter, a federal court may abstain from exercising jurisdiction (or stay proceedings) under "exceptional circumstances." *Id*. at 818. This promotes "wise judicial administration" and the "conservation of judicial resources." *Id*. at 817.[3]

*Colorado River* identified eight factors to guide a federal court's discretion when considering a stay: (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained

---

[2] It is appropriate for the court to take judicial notice of a docket entry in the related state court proceeding. *See Daniels–Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010).

[3] The *Colorado River* doctrine is not a traditional abstention doctrine, which is based on considerations of federal-state comity; it is a *sui generis* doctrine designed to maximize judicial efficiency. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp*., 460 U.S. 1, 14–15 (1983) ("[In *Colorado River*], we held that the District Court's dismissal was proper on another ground—one resting not on considerations of state-federal comity or on avoidance of constitutional decisions, as does abstention, but on considerations of [w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.") (internal quotation marks omitted).

jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; [and] (8) whether the state court proceedings will resolve all the issues before the federal court. *R.R. Street & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 977–78 (9th Cir. 2011) (citing *Colorado River*, 424 U.S. at 818). A stay is preferable to a dismissal so that "the federal forum will remain open if for some unexpected reason the state forum does turn out to be inadequate." *Coopers & Lybrand v. Sun–Diamond Growers of Cal.*, 912 F.2d 1135, 1138 (9th Cir.1990) (internal quotation marks and citation omitted).

## DISCUSSION

The first two factors are not at issue here. This is not an *in rem* proceeding and the state and federal forums are both in Las Vegas, Nevada. The remaining six factors collectively favor a stay.

If, as here, identical issues are litigated simultaneously in two different fora, the third factor favors a stay. *See Moradi v. Adelson*, No. 2:11–cv–00490–APG–NJK, 2014 WL 1413627, at *4 (D. Nev. April 11, 2014) (citing *LaDuke v. Burlington N. R.R. Co.*, 879 F.2d 1556, 1560 (7th Cir. 1989)).

Fourth, "the order in which the forums obtained jurisdiction," *Colorado River*, 424 U.S. at 818, favors a stay because the state court obtained jurisdiction first and is in the process of adjudicating summary judgment motions.

Fifth, a stay is favored because "state law provides the rule of decision on the merits." *Id.*; *see also Herrington v. County of Sonoma*, 706 F.2d 938, 940 (9th Cir. 1983) (explaining that this factor is generally neutral or unhelpful if the state-law question is routine).

Sixth, the court has no reason to believe that Nevada state court is an inadequate forum to protect the federal litigants' rights. Indeed, Soto's opposition does not even argue the *Colorado River* factors. (*See* Opp'n #25).

3

Seventh, there is no risk of forum shopping here because the court is not dismissing Soto's action; it is merely staying proceedings to conserve judicial recourses until state court decides a state law question on which Soto's federal action depends.

Eighth, a stay is warranted because, at this juncture, the state and federal proceedings are exactly parallel. The outcome of both actions depend on one question: whether the UCC's four-year statute of limitations or Nevada's six-year statute of limitations governs Soto's installment contract. *Compare* (Compl. (#1) at ¶ 13) *with* (Mot. to Stay (#22) at 1:9). This raises a question of state law and a rare instance of "[e]xact parallelism," which warrants a stay. *See Holder v. Holder*, 305 F.3d 854, 867 (9th Cir. 2002) ("Exact parallelism is not required; it is enough if the two proceedings are substantially similar") (citations omitted).

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Autovest's Motion to Stay (#22) is GRANTED.

IT IS FURTHER ORDERED that this action is STAYED September 28, 2015, or until the state court adjudicates the pending counter motions for summary judgment, whichever occurs first.

DATED this 27th day of March, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

4