LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C.
JOSEPH P. GARIN, ESQ.
Nevada Bar No. 6653
JESSICA A. GREEN, ESQ.
Nevada Bar No. 12383
9900 Covington Cross Drive, Suite 120
Las Vegas, NV 89144
Telephone: (702) 382-1500
Facsimile: (702) 382-1512
jgarin@lipsonneilson.com
jgreen@lipsonneilson.com

SIMMONDS & NARITA LLP
R. TRAVIS CAMPBELL (pro hac vice)
California Bar No. 271580
44 Montgomery Street, Suite 3010
San Francisco, CA 94104
Telephone: (415) 283-1006
tcampbell@snllp.com

*Attorneys for Defendant*
*AUTOVEST, LLC*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| VALERIE SOTO, for herself and a class<br><br>Plaintiff,<br><br>vs.<br><br>AUTOVEST, L.L.C.,<br><br>Defendant. | CASE NO.: 2:14-cv-01765-APG-VCF<br><br>**DEFENDANT AUTOVEST, L.L.C.'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |

**TO PLAINTIFF AND HER ATTORNEYS OF RECORD**:

     **PLEASE TAKE NOTICE THAT** defendant Autovest, L.L.C. ("Autovest"), hereby moves this Court for an Order granting judgment on the pleadings against Plaintiff Valerie Soto ("Soto") and in favor of Autovest.

     The motion is made on the grounds that the claims asserted by Soto in this action are barred under the doctrine of issue preclusion. Her theory here is the claims filed by Autovest against her in state court are barred by the four-year statute of limitations. The state court recently rejected her theory, however, and held that Autovest's claims were timely under Nevada's six-year statute of limitations. Because the statute of limitations issue has been conclusively resolved by the state court in Autovest's favor, Soto's claim in this action is barred.

     This motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities in support the Motion, the Request for Judicial Notice filed herewith, all of the papers on file in this action and upon such other and further evidence or argument that the Court may consider.

DATED: May 8, 2015                              SIMMONDS & NARITA LLP

                                                             /s/R. Travis Campbell
                                                        R. TRAVIS CAMPBELL (pro hac vice)
                                                        California Bar #271580
                                                        Attorneys for Plaintiff
                                                        44 Montgomery Street, Suite 3010
                                                        San Francisco, CA 94104

I.  **INTRODUCTION**

The Court stayed this case while the state court resolved whether the four-year statute of limitations in Article 2 of the Uniform Commercial Code ("UCC") or Nevada's six-year statute of limitations governs Soto's contract.[1] The state court recently ruled in favor of Autovest, holding that the six-year limitations period governs, and dismissing <u>with prejudice</u> Soto's argument that the four-year statute applies. Soto's claims in this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") are based entirely on her theory that the four-year statute governs. Issue preclusion applies here. Judgment for Autovest is warranted.

All the elements of issue preclusion are present here. First, the issue of which limitations period applies to Autovest's claims against Soto is identical in this case and in the state court case. Second, the state court's order, holding that the six-year limitations period governs, is final and on the merits, because that court rejected Soto's theory with prejudice. Third, the parties in the state court action and this action are identical. Finally, the statute of limitations issue was actually and necessarily litigated and decided by the state court, because it was the sole basis for Soto's motion for summary judgment in that case.

Issue preclusion bars Soto from relitigating the statute of limitations issue in this Court. Judgment on the pleadings in favor of Autovest is proper.

II. **STATEMENT OF FACTS**

On December 22, 2007, Soto executed a Simple Interest Vehicle Contract and Security Agreement ("Agreement") to finance the purchase of a vehicle. *See* Complaint (Doc. No. 1) at ¶ 9, Ex. A. After she failed to make payments, the vehicle was repossessed and sold, leaving Soto liable for the deficiency balance. *Id*. at ¶¶ 9-11, Ex.

---

[1] Doc. No. 27 at 4:5-6.

A. On June 11, 2014, Autovest filed a complaint in the District Court, Clark County, Nevada to collect the deficiency balance (the "State Court Action"). *Id*. at Ex. A.[2]

On October 24, 2014, Soto filed this action. Her complaint alleges the claims asserted against her by Autovest in the State Court Action are time-barred. *See* Complaint at ¶¶ 12-19. She says the Agreement is governed by the four-year limitations period contained in Article 2 of the UCC. *Id.* at ¶¶ 12-15.

On January 13, 2015, Soto filed a motion for summary judgment in the State Court Action. Her motion relied entirely on her theory, also pursued here, that Autovest's claims are subject to the four-year limitations period. *See* Request for Judicial in Support of Motion for Judgment on the Pleadings ("RJN") at Ex A. Autovest opposed the motion, pointing out that its claims were timely under Nevada's six-year limitations period, because they are founded upon a written contract. *Id.* at Ex. B. Soto filed a reply on February 17, 2015 (*id.* at Ex. C), and Autovest filed a sur-reply on March 4, 2015. *Id.* at Ex. D.

On March 27, 2015, this Court stayed this action until the state court adjudicated Soto's summary judgment motion. Doc. No. 27. The Court stated "[t]he outcome of both actions depend on one question: whether the UCC's four-year statute of limitations or Nevada's six-year statute of limitations governs Soto's installment contract." *Id*. at 4:5-6.

On April 14, 2015, the state court denied Soto's motion. *See* RJN at Ex. E. The court held that Nevada's six-year statute of limitations in N.R.S. § 11.190(1)(b) governs Autovest's claims. *Id*. The state court expressly rejected Soto's theory that the four-year limitations period in Article 2 of the UCC applies. *Id.*[3]

---

[2] Autovest's state court complaint is attached to Soto's Complaint as **Exhibit A**.

[3] Autovest also filed counter-motion for summary judgment on the grounds that Soto owes the delinquent balance, which was denied without prejudice. *Id*.

## III. ARGUMENT

### A. Standard Of Review For Motion For Judgment On The Pleadings

"After the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  The standard applied to a motion for judgment on the pleadings is virtually identical to the standard applicable to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988) (same standard applicable where 12(c) motion based on failure to state a claim).  In other words, because the Rule 12(b)(6) and Rule 12(c) standards are "functionally identical," courts apply "the same standard of review" to motions for judgment on the pleadings.  *Cafasso, U.S. ex rel v. General Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011) (quotation marks and citations omitted).

"A judgment on the pleadings is properly granted when, taking all the allegations in the pleading as true, the moving party is entitled to judgment as a matter of law."  *Nelson v. City of Irvine*, 143 F.3d 1196, 1200 (9th Cir. 1998); *see also Kasdan v. County of Los Angeles*, 2014 WL 6669354, **4-5 (C.D. Cal. Nov. 24, 2014) (granting motion for judgment on the pleadings; claims barred by issue preclusion).

Under Rule 8, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  In recent years, the Supreme Court has clarified the standards for pleading under Rule 8 and for motions to dismiss under Rule 12(b)(6).  As the Court explained in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level."  These standards "are equally applicable to motions for judgment on the pleadings under Rule 12(c)."  *Jimenez v. Allstate Ins. Co.*, 2011 WL 61611, *1 (C.D. Cal. Jan. 7, 2011).

### B. Issue Preclusion Bars Soto's FDCPA Claim Because It Is Based Entirely On The Limitations Issue That Was Conclusively Decided By The State Court

Soto's FDCPA claim is premised entirely on the theory that the four-year limitations period in Article 2 of the UCC governs Autovest's state court claims. *See* Complaint at ¶¶ 12-15.  The state court expressly rejected this when it denied Soto's motion for summary judgment.  Issue preclusion bars her claim in this action.

"In determining whether a claim should be barred by issue preclusion based upon a state court decision, federal courts must look to the laws of the state in which the prior judgment is entered." *Branch Banking and Trust Co. v. Creditor Group,* 2015 WL 1470692, *3 (D. Nev. Mar. 30, 2015); *see Hirst v. State of California*, 770 F.2d 776, 778 (9th Cir. 1985).  In Nevada, issue preclusion has four elements:

> (1) the issue decided in the prior litigation must be identical to the issue presented in the current action; (2) the initial ruling must have been on the merits and have become final; (3) the party against whom the judgment is asserted must have been a party or in privity with a party to the prior litigation; and (4) the issue was actually and necessarily litigated.

*See Five Star Capital Corp. v. Ruby*, 194 P.3d 709, 713 (Nev. 2008).  "An issue decided on summary judgment motion has a preclusive effect for issue preclusion purposes." *Bower v. Harrah's Laughlin, Inc.*, 215 P.3d 709, 720 (Nev. 2009). Further, Nevada law provides that a decision is final and maintains its preclusive effect even if it is on appeal. *Soffer v. Five Mile Capital Partners,* 2013 WL 638832, *6 (D. Nev. Feb. 19, 2013).

All of the elements of issue preclusion are present here.  As this Court found when it stayed this case, the issue decided by the state court – whether the four or six-year statute of limitations applies to Autovest's claims – is identical in both actions. Doc. No. 27 at 4:5-6.[4]  The state court's rejection of Soto's theory with prejudice is final and on the merits.  *See* RJN at Ex. E; *Bower*, 215 P.3d at 720.  The parties in both actions are the same.  Finally, the statute of limitations issue was actually and

---

[4] *Compare* Complaint at ¶¶12-15 *with* RJN at Ex. E.

necessarily litigated by both sides before the state court made its decision. *See* RJN at Exs. A-E.

Issue preclusion bars Soto from arguing the four-year statute applies to her contract. Given this, her FDCPA claim against Autovest must fail. Judgment on the pleadings in favor of Autovest is proper.

## IV. CONCLUSION

For the foregoing reasons, Autovest respectfully requests that this Court grant its motion to for judgment on the pleadings and enter judgment in favor of Autovest and against Soto in this action.

DATED: May 8, 2015                    SIMMONDS & NARITA LLP

                                                                /s/R. Travis Campbell
R. TRAVIS CAMPBELL (pro hac vice)
California Bar #271580
Attorneys for Plaintiff
44 Montgomery Street, Suite 3010
San Francisco, CA 94104

**CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of May, 2015, service of the foregoing **NOTICE OF MOTION AND MOTION TO FOR JUDGMENT ON THE PLEADINGS BY DEFENDANT AUTOVEST, L.L.C.; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** was made upon each party in the case who is registered as an electronic case filing user with the Clerk, pursuant to Fed. Rule Civ.P.5(b)(3), and Local Rule 5-4, as follows:

| | |
|---|---|
| Mitchell D. Gliner<br>3017 West Charleston Boulevard, Suite 95<br>Las Vegas, Nevada 89102<br>*Attorneys for Plaintiff* | Daniel A. Edelman<br>Edelman Combs Latturner & Goodwin LLC<br>20 South Clark Street, Suite 1500<br>Chicago, IL 60603<br>*Attorneys for Plaintiff* |

/s/R. Travis Campbelll
An employee of
SIMMONDS & NARITA LLP