Mitchell D. Gliner (Nev. No. 003419)
3017 West Charleston Boulevard, Suite 95
Las Vegas NV 89102
(702) 870-8700
(702) 870-0034 (Fax)
mgliner@glinerlaw.com

Daniel A. Edelman (Ill. No. 0712094) (*pro hac vice*)
Thomas E. Soule (Ill. No. 6282139) (*pro hac vice*)
EDELMAN COMBS LATTURNER & GOODWIN LLC
20 South Clark Street, Suite 1500
Chicago IL 60603
(312) 739-4200
(312) 419-0379 (Fax)
courtecl@edcombs.com

*Attorneys for Plaintiff Valerie Soto*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| VALERIE SOTO, for herself and a class, ) | No. 2:14CV1765 APG VCY |
| ) | |
| Plaintiff, ) | |
| ) | **OPPOSITION TO DEFENDANT'S** |
| v. ) | **MOTION FOR JUDGMENT ON** |
| ) | **THE PLEADINGS, AND** |
| AUTOVEST LLC, ) | **INCORPORATED POINTS** |
| ) | **AND AUTHORITIES** |
| Defendant. ) | |
| _____ ) | |

Valerie Soto, by counsel, opposes the motion for judgment on the pleadings brought by defendant Autovest LLC (Doc. 28), for reasons found in the record and the accompanying brief of points and authorities.

Respectfully submitted,

/s/ Mitchell D. Gliner                    /s/ Thomas E. Soule
Mitchell D. Gliner (No. 003419)           Thomas E. Soule (Ill. No. 6282139)
3017 W. Charleston Blvd, Suite 95         Edelman Combs Latturner & Goodwin LLC
Las Vegas NV 89102                        20 South Clark Street, Suite 1500
(702) 870-8700                            Chicago IL 60603
mgliner@glinerlaw.com                     (312) 739-4200
                                          courtecl@edcombs.com

1 		The motion for judgment on the pleadings by Autovest LLC is premised on the belief that Valerie Soto is precluded from raising the issue of whether Autovest sued her on a time-barred debt by a ruling by the Eighth Judicial District Court of Nevada.  As explained here, Autovest is wrong; its motion should be denied.

		1.	Under *Alcantara v. Wal-Mart Stores Inc.* 321 P.3d 912, 916 (Nev. 2014), a party claiming issue preclusion must show that "(1) the issue decided in the prior litigation must be identical to the issue presented in the current action; (2) the initial ruling must have been on the merits ***and have become final....*** (3) the party against whom the judgment is asserted must have been a party or in privity with a party to the prior litigation.... and (4) the issue was actually and necessarily litigated."  (Emphasis added; citations and internal quotations marks omitted.)  See *Skilstaf Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1022 (9th Cir. 2012) (issue preclusion requires "issue identity, party identity or privity, and final judgment").

		2.	The order of the District Court (Hon. William J. Kephart, J.), which denied Soto's motion for summary judgment on the question of whether Autovest's debt was time-barred, is not a final order.  The order denied plaintiff's motion for summary judgment, but also denied defendant's countermotion for summary judgment, and stated that the case would "proceed in ordinary course."  (See Doc. 28-1 at 65-66.)  Under *Lee v. GNLV Corp.*, 996 P.2d 416, 417 (Nev. 2000), "a final judgment has been described as one that disposes of the issues presented in the case, determines the costs, and leaves nothing for the future consideration of the court."  *Accord*, *Simmons Self-Storage Partners LLC v. Rib Roof Inc.* 247 P.3d 1107, 1108 (Nev. 2011) ("*Simmons I*").  That did not happen here.

		3.	Autovest argues that a summary judgment ruling has preclusive effect "even if it is on appeal," under *Soffer v. Five Mile Capital Partners LLC*, No. 2:12CV1407, 2013 WL 638832, *5-*6 (D.Nev. Feb. 19, 2013).  (Doc. 28 at 4.)  That case is distinguishable, for the order that was held to have preclusive effect in that case was "was a final ruling on the merits, as it granted a motion for summary judgment ***disposing of the entire action.***"  *Soffer* at *6 (emphasis added).  As just shown, this case is different; Autovest's citation to *Soffer* for the proposition that "the judgment maintains its preclusive effect while on appeal" (*id*.) is not well-taken.

1

4.     Similarly, *Bower v. Harrah's Laughlin Inc.*, 215 P.3d 709 (Nev. 2009) concerned a question of whether a series of summary judgment rulings and jury verdicts precluded non-parties from raising the same issues. Those decisions were final and disposed of the claims under consideration, which is not the case here. See *Bower*, 215 P.3d at 714-716 (full discussion of related cases, and their results). Autovest cannot rely on *Bower* as a result. (Doc. 28 at 4.)

5.     *Soffer* (2013 WL 638832 at *6) cites to *Robi v. Five Platters Inc.*, 838 F.2d 318, 322 (9th Cir.1988), which held that "the issue must have been actually decided after a ***full*** and fair opportunity for litigation." (Emphasis added.) The question here is whether a "full" opportunity for litigation has been given and completed. The record shows here that it has not.

6.     For example, if Autovest does not prove up its claims on the merits, then the finding of the Court that the statute of limitations does not apply is *dicta*. Specifically, the finding that NRS §104.2725 does not apply would be "not necessary to the decision of the case," or "a single line of reasoning to support [the] result," making it *dicta*. *Sanchez v. Mukasey*, 521 F.3d 1106, 1110 (9th Cir. 2008) (citations omitted). *Accord*, *Marshall Naify Revocable Trust v. United States*, 672 F.3d 620, 627 (9th Cir. 2012) and *Garcia v. Holder*, 621 F.3d 906, 911 (9th Cir. 2010). As reaching the question of whether the statute of limitations period expired is unnecessary to give Soto judgment if she prevails on other grounds, issue preclusion cannot apply under *Alcantara* or *Skilstaf*, *supra*.

7.     Similarly, Soto has raised affirmative defenses in the state-court case through an answer filed with that Court on May 14, 2015, which is attached here as <u>Exhibit 1</u>. These affirmative defenses include a claim for setoff for noncompliance with the notice requirements of Article 9 of the Uniform Commercial Code, the statutory damages under which exceed Autovest's claim.

8.     If Soto prevails on any one of these defenses, the statute of limitations decision made by that Court has no preclusive effect, for the same reason. Furthermore, it is impossible to determine at this time, given the other matters remaining at issue and the non-final nature of the order, whether the statute of limitations decision will have preclusive effect. That is, if a defendant asserts grounds A-C for prevailing, and wins on A, the trial court's statement that it

does not believe that ground C is valid is not "necessary to the decision of the case" and has no preclusive effect.

9. In addition, on May 15, 2015, Soto filed a petition for a writ of mandamus with the Supreme Court of Nevada. *Soto v. Eighth Judicial District Court et al*, No. 68002 (Nev. May 15, 2015). That petition is attached here as Exhibit 2.

10. Soto respectfully submits that her petition to the Supreme Court of Nevada has not been brought in vain. There are good grounds for that Court to rule that the District Court has erred – either now or upon later review. In brief,

 (A) Soto's claims are parallel to those in *Mobile Discount Corp. v. Price*, 656 P.2d 851 (Nev. 1983) which held that a four-year statute of limitations found in NRS §104.2725 applies, and not the six-year statute of limitations found in NRS §11.190.1(b);

 (B) the District Court relied in error on *El Ranco Inc. v. New York Meat & Provision Co.*, 493 P.2d 1318 (Nev. 1972), for

  (1) *El Ranco* was decided eleven years before *Mobile Discount*, making application of the latter case more appropriate,

  (2) *El Ranco* did not deal with a retail installment contract for the purchase of a motor vehicle, whereas *Mobile Discount* is directly on point, and

  (3) *El Ranco* did not apply, and could not have applied, the Uniform Commercial Code to the case, because the UCC did not come into effect in Nevada until 1967, after the events considered in that case took place (compare *El Ranco*, 493 P.2d at 1319 to 1965 Nev. Stats. ch. 353, §1, at 816 (enacting NRS §104.2725), and id., ch. 353, §1 at 777-913 (UCC as a whole);

 (C) the decision in *Mobile Discount* to apply NRS §104.2725 should have been applied to an on-point case but was not, contrary to *ASAP Storage Inc. v. Sparks*, 173 P.3d 734, 743 (Nev. 2007) ("legal precedents of this

3

|   |   |
|---|---|
|   | Court should be respected until they are shown to be unsound in principle"); |
| (D) | the District Court's decision is out-of-step with decisions in many other states including, *inter alia*, *Scott v. Ford Motor Credit Co.*, 691 A.2d 1320, 1325 (Md. 1997); *Worrel v. Farmers Bank*, 430 A.2d 469 (Del. 1981); *Associates Discount Corp. v. Palmer*, 219 A.2d 858 (N.J. 1966); *First National Bank in Albuquerque v. Chase*, 887 P.2d 1250 (N.M. 1994); and *DaimlerChrysler Services North America LLC v. Ouimette*, 830 A.2d 38 (Vt. 2003) (see <u>Exhibit 1</u> at 12-13 (listing other cases)); |
| (E) | the Uniform Commercial Code, by definition, should be interpreted uniformly across the nation, per NRS §104.1103(c), but was not in this case; |
| (F) | the District Court failed to apply a statute of limitations covering a specific kind of contract, and erroneously applied a statute of general application, contrary to *In re Resort at Summerlin*, 127 P.3d 1076, 1081 (Nev. 2006) and *In re S.M.M.D.*, 272 P.3d 126, 133 (Nev. 2012); |
| (G) | the District Court failed to apply NRS §104.2725 according to its plain meaning, and in the context of the statutory scheme in which it is based, contrary to *Berkson v. LePome*, 245 P.3d 560, 563-564 (Nev. 2010) and *JED Property LLC v. Coastline RE Holdings NV Corp.*, 343 P.3d 1239, 1240-1241 (Nev. 2015); and |
| (H) | the District Court's interpretation of NRS §104.2725 would yield an absurd result – namely, that the statute would apply only to written contracts under $500, when no such distinction exists in that provision – contrary to *Simmons Self-Storage Partners LLC v. Rib Roof Inc.*, 331 P.3d 850, 854 (Nev. 2014) ("*Simmons II*"). |

11.  The petition explains Soto's arguments fully.  However, she respectfully submits, based on the summary just given, that this Court cannot rely on the District Court's opinion to

4

give Autovest judgment on the pleadings; beyond being a non-final order, the order's validity is in serious doubt.

12.     If a defendant cannot show that a plaintiff has no plausible claim for relief, judgment on the pleadings under Fed.R.Civ.P. 12(c) would be improper. *Harris v. Orange County*, 682 F.3d 1126, 1131 (9th Cir. 2011).

13.     While Soto's petition is pending, Autovest's motion is premature.

14.      Indeed, as explained above, it would be premature until the Eighth Judicial District Court fully resolves the case.  Until then, it cannot be determined what is necessary to the disposition of the case.

WHEREFORE, Autovest's motion for judgment on the pleadings ought to be denied. Respectfully submitted,

| | |
|---|---|
| /s/ Mitchell D. Gliner | /s/ Thomas E. Soule |
| Mitchell D. Gliner (No. 003419) | Thomas E. Soule (Ill. No. 6282139) |
| 3017 W. Charleston Blvd, Suite 95 | Edelman Combs Latturner & Goodwin LLC |
| Las Vegas NV 89102 | 20 South Clark Street, Suite 1500 |
| (702) 870-8700 | Chicago IL 60603 |
| (702) 870-0034 (Fax) | (312) 739-4200 |
| mgliner@glinerlaw.com | (312) 419-0379 (Fax) |
| | courtecl@edcombs.com |

### CERTIFICATE OF SERVICE

The preceding brief was filed on May 20, 2015 and served, by operation of the Court's electronic filing system, upon all counsel of record for defendant, as follows:

| | |
|---|---|
| Joseph Garin | nvecf@lipsonneilson.com, snutt@lipsonneilson.com |
| Jessica Green | jgreen@lipsonneilson.com |
| Travis Campbell | tcampbell@snllp.com, paralegal@snllp.com |

/s/ Thomas E. Soule
Thomas E. Soule

5