# IN THE SUPREME COURT OF THE STATE OF NEVADA

VALERIE P. SOTO, )
         )  Electronically Filed
      Petitioner, )  May 15 2015 10:47 a.m.
         )  Tracie K. Lindeman
      v. )  Supreme Court No. Clerk of Supreme Court
         )
EIGHTH JUDICIAL DISTRICT COURT )  8th Jud. Dist. Ct. Case No.
OF THE STATE OF NEVADA, IN AND )  A 14 702587 C (Dept. XIX)
FOR CLARK COUNTY, and THE HON. )
WILLIAM D. KEPHART, )
         )  Exhibit 2
      Respondents; )
         )
AUTOVEST LLC, )
         )
      Real Party In Interest. )
_____ )

## VALERIE SOTO'S PETITION FOR WRIT OF MANDAMUS

Mitchell D. Gliner (Nev. No. 3419)
3017 W. Charleston Blvd., Suite 95
Las Vegas NV 89102
(702) 870-8700
(702) 870-0034 (fax)
mgliner@glinerlaw.com

Thomas E. Soule (Ill. No. 6282139)
Edelman Combs Latturner & Goodwin LLC
20 South Clark Street, Suite 1500
Chicago IL 60603
(312) 739-4200
(312) 419-0379 (fax)
tsoule@edcombs.com
*appearing pro hac vice*

*Attorneys for petitioner Valerie Soto*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................. ii

PETITION FOR WRIT OF MANDAMUS ........................................... 1

ISSUE PRESENTED ........................................................................ 3

RELEVANT FACTS ........................................................................ 4

POINTS AND AUTHORITIES SUPPORTING ISSUANCE OF THE WRIT ...... 7

    I.    STANDARD OF REVIEW ............................................... 7

    II.   *MOBILE DISCOUNT* IS DIRECTLY ON POINT .................. 8

    III.  APPLICATION OF *EL RANCO* WAS IN ERROR ............... 9

    IV.  THE UNIFORM COMMERICAL CODE, BY DEFINITION,
          IS TO BE INTERPRETED AND APPLIED UNIFORMLY ............ 12

    V.   OTHER FUNDAMENTAL PRINCIPLES WERE NOT APPLIED ... 14

        A. *Specific statutes control over general ones* ................... 14

        B. *NRS §104.2725 is unambiguous* .................................. 15

        C. *The District Court reached an absurd result* .................. 17

        D. *Application of precedent is mandatory* .......................... 18

CONCLUSION ............................................................................... 19

AFFIDAVIT (NRS §34.170 & Nev.R.App.P. 21(a)(5) ....................... 20

CERTIFICATE OF COMPLIANCE (Nev.R.App.P. 28.2) ..................... 21

CERTIFICATE OF SERVICE .......................................................... 22

i

# TABLE OF AUTHORITIES

## *Cases*

*Action Management Inc. v. Fratello*, No. 743-S-1999,
    46 Pa. D. & C.4th 139, 2000 WL 1865005
    (Pa. Ct. Common Pleas (Dauphin Co.) 2000) ........................13

*Ali v. Federal Bureau of Prisons*, 552 U.S. 214 (2008) .....................17

*Alice A. Baker Inc. v. Norton*,
    747 N.Y.S.2d 146 (N.Y. Sup. Ct. (Rensselaer Co.) 2002) ............13

*ASAP Storage Inc. v. Sparks*, 123 Nev. 639, 173 P.3d 734 (Nev. 2007) ..........18

*Associates Discount Corp. v. Palmer*, 219 A.2d 858 (N.J. 1966)..............12

*Barnes v. Community Trust Bank*, 121 S.W.3d 520 (Ky. App. Ct. 2003).........12

*Berkson v. LePome*, 126 Nev.Adv.Op. 46, 245 P.3d 560 (Nev. 2010) ..........16

*Bluefin Wear Inc. v Tuesday's Child Boutique Inc.*, No. 13766/10,
    33 Misc. 3d 1233(A); 2011 WL 6187134
    (N.Y. Sup. Ct. (Kings Co.) Dec. 14, 2011) ........................13

*Citizens National Bank v. Farmer*, 395 N.E.2d 1121 (Ill. App. Ct. 1979)...........12

*DaimlerChrysler Services North America LLC v.Ouimette*,
    830 A.2d 38 (Vt. 2003) ..........................................13

*DAN Joint Venture III v. Clark*, 218 S.W.2d 455 (Mo. App. 2006)..............12

*El Ranco Inc. v. New York Meat & Provision Co.*,
    88 Nev. 111, 493 P.2d 1318 (Nev. 1972)........................ *passim*

*Fallimento C. Op. M.A. v. Fischer Crane Co.*, 995 F.2d 789 (7th Cir. 1993).........12

*FDIC v. Rhodes*, 130 Nev.Adv.Op. 88, 336 P.3d 961(Nev. 2014)..................3

ii

*First Hawaiian Bank v. Powers*, 998 P.2d 55 (Haw. App. Ct. 2000) .................... 12

*First National Bank of Nevada v. Dean Witter & Co.*,
    84 Nev. 303, 440 P.2d 391 (Nev. 1968) ............................ 10

*First National Bank in Albuquerque v. Chase*, 887 P.2d 1250 (N.M. 1994) .......... 13

*First National Bank of Pennsylvania v. Keefer*, No. 2764-2004,
    76 Pa. D. & C. 4th 233, 2005 WL 4309996
    (Pa. Ct. Common Pleas (Fayette Co.) 2005 ........................... 13

*Ford Motor Credit Co. v. Arce*, 791 A.2d 1041 (N.J. Super. Ct. 2002) .................. 13

*G&H Associates v. Ernest W. Hahn Inc.*,
    113 Nev. 265, 934 P.2d 229 (Nev. 1997) ......................... 16

*Gimbel Bros. Inc. v. Cohen*, No. 68-7502, 46 Pa. D. & C. 2d 747,
    1969 WL 11076 (Pa. Ct. Common Pleas (Montgomery Co.) 1969) .......... 13

*Herba v. Chichester*, 754 N.Y.S.2d 695 (N.Y. App. 2003) ........................ 13

*Ideal Builders Hardware Co. v. Cross Construction Co.*,
    491 S.W.2d 228 (Tex. App. Ct. 1972) ............................ 13

*Industrial Valley Bank v. Sharpe*, No. 3368, 15 Pa. D. & C.3d 506
    1980 WL 98412 (Pa. Ct. Common Pleas (Phila. Co.) 1980) .............. 13

*In re Resort at Summerlin*, 122 Nev. 177, 127 P.3d 1076 (Nev. 2006) ............... 14

*In re S.M.M.D.*, 128 Nev.Adv.Op. 2, 272 P.3d 126 (Nev. 2012) ................... 14

*Jack Heskett Lincoln-Mercury v. Metcalf*,
    158 Cal.App.3d 38 (Cal. App. Ct. 1984) ......................... 12

*JED Property LLC v. Coastline RE Holdings NV Corp.*,
    131 Nev.Adv.Op. 11, 343 P.3d 1239 (Nev. 2015) ................... 16

*Las Vegas Auto Leasing Inc. v. Davis*,
    98 Nev. 169, 643 P.2d 1217 (Nev. 1982) ......................... 9

iii

*Massey-Ferguson Credit Corp. v. Casaulong,*
    62 Cal.App.3d 1024 (Cal. App. Ct. 1976) .................................................. 12

*May Co. v. Trusnik,* 375 N.E.2d 72 (Ohio App. Ct. 1977) ............................... 13

*Mobile Discount Corp. v. Price,* 99 Nev. 19, 656 P.2d 851 (Nev. 1983) ........ *passim*

*Order of Railroad Telegraphers v. Railway Express Agency,*
    321 U.S. 342 (1944) ............................................................................. 3

*North Carolina National Bank v. Holshouser,*
    247 S.E.2d 645 (N.C. App. 1978) ............................................................ 14

*Petersen v. Bruen,* 106 Nev. 271, 792 P.2d 18 (Nev. 1990) ............................... 3

*Reno v. Howard,* 103 Nev.Adv.Op. 12, 318 P.3d 1063 (Nev. 2014) ................ 18

*Scarsdale v New York City Water Board,*
    824 N.Y.S.2d 325 (N.Y. App. Div. 2006) .............................................. 13

*Scott v. Ford Motor Credit Co.,* 691 A.2d 1320 (Md. 1997) ..................... 9, 12

*Simmons Self-Storage Partners LLC v. Rib Roof Inc.,*
    130 Nev.Adv.Op. 57, 331 P.3d 850 (Nev. 2014) .................................... 17

*Southern Cal. Edison v. First Judicial District Court,*
    127 Nev.Adv.Op. 22255 P.3d 231 (Nev. 2011) ...................................... 7

*State v. American Bankers Insurance Co.,*
    105 Nev. 692, 782 P.2d 1316 (Nev. 1989) ............................................. 9

*State v. Eighth Judicial District Court (in re Armstrong),*
    127 Nev.Adv.Op. 84, 267 P.3d 777 (Nev. 2011) .................................... 8

*Webster v. Beazer Homes Holdings Corp.,* No. 2:11CV784,
    2013 WL 271448 (D. Nev. Jan. 23, 2013) ) ........................................... 9

iv

*Wuhu Import & Export Corp. v. Capstone Capital LLC*
  834 N.Y.S.2d 129 (N.Y. App. Div. 2007) ........................................................13

*Winn v. Sunrise Hospital & Medical Center*,
  128 Nev.Adv.Op. 23, 277 P.3d 458 (Nev. 2012)..................................3, 16

*Wood v. Safeway Inc.*, 121 Nev. 724, 121 P.3d 1026 (Nev. 2005).............................4

*Worrel v. Farmers Bank*, 430 A.2d 469 (Del. 1981)...........................................12

**Statutes, Rules and Other Authorities**

1965 Nev. Stats. ch. 353, §1, at 777-913.........................................................6, 10

2005 Nev. Stats. ch. 233, §111, at 887 )..........................................................10

Federal Trade Commission, "The Structures and Practices
  of the Debt Buying Industry" (January 2013)..................................................2

NAC §97.050 ...................................................................................................4, 14

NRS §11.190.1 ......................................................................................................11

NRS §11.190.1(b)............................................................................................*passim*

NRS §11.190.2 ......................................................................................................11

NRS §18.005 *et seq.*..............................................................................................4

NRS §34.150 *et seq.*..............................................................................................1

NRS §97.015 *et seq.*..............................................................................................4

NRS §97.299 ....................................................................................................4, 14

NRS §104.1101 *et seq.*..................................................................................*passim*

NRS §104.1103.1(c)..............................................................................................12

NRS §104.1110 (2004) ..................................................................... 10

NRS §104.2105.1 ............................................................................. 15

NRS §104.2106.1 ............................................................................. 15

NRS §104.2201 ................................................................................. 17

NRS §104.2725 ............................................................................. *passim*

NRS §104.2725.1 .............................................................................. 15

NRS §104.2725.2 .............................................................................. 15

NRS §104.2725.4 .............................................................................. 10

Nev.R.App.P. 17(a)(14) ..................................................................... 1

Nev.R.App.P. 21 ................................................................................ 1

Nev.R.App.P. 21(a)(1) ....................................................................... 1

vi

### *PETITION FOR WRIT OF MANDAMUS*

Valerie Soto, under NRS §34.150 *et seq.* and Nev.R.App.P. 21, respectfully requests the issuance of a writ of mandamus, directing the Eighth Judicial District Court (and the Honorable William D. Kephart of that Court) to (1) vacate an order denying Soto's motion for summary judgment, (2) find that the four-year statute of limitations found in NRS §104.2725 applies to the transaction on which Autovest LLC sued Soto, (3) find that Autovest's suit was time-barred, and (4) enter judgment in Soto's favor.

Soto respectfully submits, under Nev.R.App.P. 17(a)(14) and 21(a)(1), that this Court should hear the petition in the first instance, as it raises "as a principal issue a question of statewide public importance, or an issue upon which there is an inconsistency in the published decisions of the Court of Appeals or of the Supreme Court or a conflict between published decisions of the two courts."

This petition concerns the district court's decision to apply *El Ranco Inc. v. New York Meat & Provision Co.*, 88 Nev. 111, 493 P.2d 1318 (Nev. 1972), and the six-year statute of limitations found in NRS §11.190.1(b), when it should have applied *Mobile Discount Corp. v. Price*, 99 Nev. 19, 656 P.2d 851 (Nev. 1983), and the Uniform Commercial Code's four-year statute. (See Appx. at 141-161.) Whereas *Mobile Discount* is on point, *El Ranco* is a distinguishable case, decided eleven years before *Mobile Discount*, which did not consider the Uniform

1

Commercial Code, as the facts in *El Ranco* arose before the UCC came into effect in Nevada in 1967.

This error, which led to the application of the wrong statute of limitations to a common type of consumer debt, has great importance.  Most consumers sued for modest amounts on retail installment contracts, or other debts, do not hire counsel. That a trial court in a populous county believes that a six-year statute of limitations, found in NRS §11.190.1(b), applies to a common type of debt, when this Court squarely held in *Mobile Discount* that the four-year statute found in NRS §104.2725 applies, points to an problem extending well beyond this case.

The Federal Trade Commission has studied this issue for years.  It found in 2013 that, "notwithstanding its clear illegality and the consensus among interested parties that collectors should not engage in it, some consumer advocates contend and one recent study concluded that debt buyers, in fact, do file or threaten to file actions to recover on time-barred debt." (Appx. at 185.  See Federal Trade Commission, "The Structures and Practices of the Debt Buying Industry" (January 2013) at 48 (available online at https://www.ftc.gov/sites/default/files/documents/ reports/structure-and-practices-debt-buying-industry/debtbuyingreport.pdf (last accessed May 12, 2015); excerpts attached to Appx. at 162-187).)  Further,

> in its 2010 Litigation Report, the FTC addressed whether debt collectors, including debt buyers, must make disclosures to prevent deception in collecting on time-barred debts. The report stated that "most consumers do

2

not know or understand their legal rights with respect to the collection of time-barred debt," so attempts to collect on stale debt in many circumstances may create a misleading impression that the consumer could be sued.... [Appx. at 186.]

This, along with the FTC's analysis, which shows that "consumers disputed 3.2% of the accounts on which debt buyers in the sample attempted to collect" (Appx. at 175-176), makes the collection of time-barred debt a significant issue.

The failure to apply *Mobile Discount* harms consumers, and defeats the purpose of statutes of limitations – "to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared." *Order of Railroad Telegraphers v. Railway Express Agency*, 321 U.S. 342, 348-349 (1944). *Accord, Petersen v. Bruen*, 106 Nev. 271, 273-274; 792 P.2d 18, 19-20 (Nev. 1990). See *Winn v. Sunrise Hospital & Medical Center*, 128 Nev.Adv.Op. 23, 277 P.3d 458, 465 (Nev. 2012) (same, citing *Petersen*), and *FDIC v. Rhodes*, 130 Nev.Adv.Op. 88, 336 P.3d 961, 965 (Nev. 2014) (regarding statutes of repose).

## *ISSUE PRESENTED*

Is a retail installment contract to buy a vehicle (A) a contract for the sale of goods subject to the four-year statute of limitations found in NRS §104.2725, as held by the on point *Mobile Discount* decision , or (B) a general written contract subject to a six-year statute of limitations found in NRS §11.190(1)(b)?

3

## ***RELEVANT FACTS***

Valerie Soto bought a minivan with a retail installment contract, on which she defaulted.  Her vehicle was repossessed on April 3, 2010, with no payments on the van made since then. (Appx. at 17, 19-21.)  Autovest claims that the last payment on the van was made on January 15, 2010, that the van was repossessed, that the van was sold on April 23, 2010, and that Autovest purchased the contract from Wells Fargo Bank NA on May 19, 2011.  (Appx. at 42, 46.)[1]  Autovest sued Soto on the contract on June 17, 2014.  (Appx. at 5-10.)

Soto's contract is a retail installment contract under NRS §97.015 *et seq.*  NRS §97.299 requires the Financial Institutions Division, of the State Department of Business and Industry, to produce forms for those using retail installment contracts to sell motor vehicles.  See NAC §97.050 (implementation of NRS §97.299).  The language of Soto's contract tracks the form found on the Department's website. (Compare Appx. at 8-9 with *id.* at 54, 57-70.)

---

[1] Soto disputes the accuracy of assertions made by Autovest and persons purporting to act on its behalf – including Darren Kazich, Lisa Soller and Kimberlee Basha.  The dispute goes to the validity of the assignment, the admissibility of Autovest's claims, and the weight to be given to those claims. (See, *e.g.*, Appx. at 74-80, 134-140, 153-157.)  Regardless of this dispute, Autovest's assertions, as recited here, show that there is no dispute that suit was brought more than four years after the date of default on Soto's loan.  This would make summary judgment on this issue proper under NRS §18.005 *et seq.* and *Wood v. Safeway Inc.*, 121 Nev. 724, 729; 121 P.3d 1026, 1029 (Nev. 2005).

Soto sought summary judgment, as Autovest's claim was time-barred under NRS §104.2725, which provides that "an action for breach of any contract for sale must be commenced within 4 years after the cause of action has accrued." She relied on *Mobile Discount* (656 P.2d 852-853 and 853 n.2), and other opinions that used the UCC's four-year statute of limitations. (Appx. at 15-21, 51-70.)

Autovest claimed that Soto's contract was not a retail installment contract, but a "security agreement" instead. Autovest argued that its suit was "an action upon a contract, obligation or liability founded upon an instrument in writing," which under NRS §11.190.1(b) is subject to a six-year statute of limitations. (Appx. at 27-34.) It argued that "*Mobile Discount* does not apply, because the Court never addressed the statute of limitations issue presented here." (Appx. at 99; see *id.* at 33.) It cited *El Ranco* (493 P.2d at 1320-1321), which held, eleven years before *Mobile Discount*, that "if the fact of liability arises or is assumed or imposed from the instrument itself, or its recitals, the liability is founded upon an instrument in writing," subject to the six-year statute of limitations.

Unlike *Mobile Discount*, *El Ranco* did not deal with a retail installment contract for an automobile; the case concerned a restaurant's purchase of meat from a butcher, through 26 transactions over two weeks, for which the restaurant was billed monthly. *El Ranco*, 493 P.2d at 1319. Further, the case involved an alleged breach of contract in *1960*, and a suit on that breach filed in *1965* (*id.*); the

5

UCC, and NRS §104.2725 in particular, did not come into effect in Nevada until *1967*. 1965 Nev. Stats. ch. 353, §1, at 777-913.

After briefing, this case was heard on April 14, 2015 in Department XIX of the Eighth Judicial District Court (Hon. William D. Kephart, J.). (Appx. 141-161.) At that hearing, the district court acknowledged difficulty with the matter:

> in reading this… it starts out to be kind of confusing to me, because the two statutes that we're talking about that the parties are claiming that they're proceeding under, one statute [NRS §104.2725] that specifically talks about the four years, and it's specifically meaning that it was one involving a contract for sales. And then [NRS §11.190.1(b)] talks about if it's in writing, and it's been reduced to a specific writing….

> [The] Supreme Court has clearly told us that they want to hear everything on the merits. We've clearly heard that. And, you know, I've struggled with that a lot, because there's rules that we're supposed to follow. And you all work in that area. That's what you're trying to convince the Court, hey, this is the rule we need to follow. And I kind of make light of the fact that we have, you know, the… the Nevada Rules of Civil Procedure, or we have… the Court Rules, we have the Eighth Judicial Rules, you know, the Supreme Court Rules, everything trying to tell you these rules. And so often times we have them up against each other and they're all in here explaining that -- the problem to me and saying, here, here's the rule we're going under, here's the rule we want to go under, here's what they're going under. And so it's befuddled to the Court. [Appx. at 143:4 – 143:11, and 151:17 – 152:8.]

However, the district court ultimately agreed with Autovest's position based on *El Ranco*, and held that the six-year statute of limitations applied. [Appx. 153:8 – 153:11.] The district court formally entered its decision on May 4, 2015, stating that Soto's summary judgment motion

6

is generally denied without prejudice, but is denied with prejudice as to the issue of the statute of limitations. The Court has determined that the applicable statute of limitations to [Autovest's] claims in this action is six years, pursuant to [NRS §11.190.1(b)] because the claims are based on a written contract. The Court rejects [Soto's] argument that [Autovest's] claims in this action are governed by the four year statute of limitations set forth in NRS §104.2725. [Appx. at 2.]

## *POINTS AND AUTHORITIES SUPPORTING ISSUANCE OF THE WRIT*

### I.    STANDARD OF REVIEW

Under *Southern Cal. Edison v. First Judicial District Court*, 127 Nev.Adv.Op. 22, 255 P.3d 231, 233-234 (Nev. 2011), a writ of mandamus is used "to compel the performance of an act which the law requires as a duty resulting from an office or where discretion has been manifestly abused or exercised arbitrarily or capriciously.  The writ does not issue where the petitioner has a plain, speedy, and adequate remedy in the ordinary course of law… [but] is an extraordinary remedy; therefore, a court's decision to entertain a petition for a writ of mandamus is discretionary.  In determining whether writ relief is available and appropriate, we will consider, among other things, whether the petition raises an important issue of law that requires clarification.  It is the petitioner's burden to demonstrate that such relief is warranted. Furthermore, we review questions of law *de novo*." (Citations and internal quotation marks omitted.)

7

An abuse of discretion is a "clearly erroneous interpretation of the law or a clearly erroneous application of a law or rule." *State v. Eighth Judicial District Court (in re Armstrong)*, 127 Nev.Adv.Op. 84, 267 P.3d 777, 780 (Nev. 2011).

## II.   *MOBILE DISCOUNT* IS DIRECTLY ON POINT

*Mobile Discount* (656 P.2d at 852) dealt with a retail installment contract for the purchase of a vehicle. Specifically, the consumers in *Mobile Discount* bought a mobile home on a retail installment contract. They defaulted in 1971; ultimately, the mobile home was repossessed under the security agreement in the retail installment contract. A suit was brought in 1972, to collect on the deficiency left over after sale of the collateral, by the originator of a retail installment contract; that suit was dismissed without prejudice, and not timely revived. In June 1980, an assignee of the contract sued for payment of the same deficiency.

This Court held this suit to be time-barred, as suit was brought over four years after default. *Mobile Discount*, 656 P.2d at 852-853. The Court relied on NRS §104.2725 to make this decision:

> This case is governed by the Uniform Commercial Code which provides: "An action for breach of any contract for sale must be commenced within 4 years after the cause of action has accrued." NRS §104.2725. Here the cause of action accrued in 1971 when the Prices discontinued paying on the contract. Consequently, the statute of limitations expired in 1975 in this particular action. [*Id.* at 853 n.2.]

8

*Accord, Scott v. Ford Motor Credit Co.*, 691 A.2d 1320, 1325 (Md. 1997)

(applying UCC four-year statute, as opposed to general three-year statute).

Soto's situation is identical. She went into default on a retail installment

contract used to purchased a van no later than April 2010. Under *Mobile Discount*

(656 P.2d at 852), the four-year statutory clock runs from default, which is the date

"when a debtor fails to meet his or her monetary obligations." Autovest's suit

against her was filed in June 2014 – over four years after the default. Under

*Mobile Discount*, Autovest's suit was time-barred.

## III.   APPLICATION OF *EL RANCO* WAS IN ERROR

*El Ranco* does not control over *Mobile Discount*, for three reasons. First,

*Mobile Discount* was decided eleven years after *El Ranco*; the district court should

have followed this Court's most recent decision on point. Second, *El Ranco* (493

P.2d at 1319) did not deal with a retail installment contract for the sale of a motor

vehicle, as happened in *Mobile Discount*, and in this litigation.[2]

Third, the UCC was not in effect when the facts giving rise to *El Ranco*

arose. The UCC, and NRS §104.2725 in particular, were not effective in Nevada

---

[2] For both reasons, *Las Vegas Auto Leasing Inc. v. Davis*, 98 Nev. 169, 643 P.2d 1217 (Nev. 1982) – which does not deal with statutes of limitations at all – holds nothing for this case, contrary to Autovest's arguments below. Similarly, *State v. American Bankers Insurance Co.*, 105 Nev. 692, 782 P.2d 1316 (Nev. 1989) dealt with bail bonds, while *Webster v. Beazer Homes Holdings Corp.*, No. 2:11CV784, 2013 WL 271448 (D. Nev. Jan. 23, 2013) dealt with services dealing with home construction, making both of these cases distinguishable. (Appx. at 30-31.)

9

until March 1, 1967 – after the alleged breach of contract in 1960, and the suit on

that breach filed in 1965.  Compare *El Ranco*, 493 P.2d at 1319 to 1965 Nev. Stats.

ch. 353, §1, at 816 (enacting NRS §104.2725), and *id.*, ch. 353, §1 at 777-913

(UCC as a whole).  Under NRS §104.2725.4, the UCC statute of limitations "does

not alter the law on tolling of the statute of limitations nor does it apply to causes

of action which have accrued before this chapter becomes effective."  See *First*

*National Bank of Nevada v. Dean Witter & Co.*, 84 Nev. 303, 306; 440 P.2d 391,

393 (Nev. 1968) (in a dispute regarding negotiable instruments dated between

1962 and 1964, "the law in effect at the time the transactions took place"

controlled, and not the UCC), and NRS §104.1110 (2004) (transition provisions

beginning on March 1, 1967; repealed by 2005 Nev. Stats. ch. 233, §111, at 887).

This explains why *El Ranco* did not discuss the UCC – it could not apply.

  Therefore, Autovest's reliance on, and the district court's acceptance of, *El*

*Ranco* was incorrect.  Counsel for Autovest said this at the hearing on Soto's

motion for summary judgment:

> Your Honor, plaintiff agrees with the court's analysis about *Ranco*. I think
> the Court correctly pointed out that that Nevada Supreme Court case
> grappled with the idea of applying a four year statute versus the six year
> statute. And it chose in that analysis to apply the longer one, even though
> both arguably applied in that situation.... *El Ranco* is the more persuasive
> decision. [Appx. 149:20 – 149:25, and 150:14.]

10

The statutes of limitations *El Ranco* reviewed were the six-year statute in NRS §11.190.1, and the four-year statute in NRS §11.190.2, which dealt with an "open account" for sales of goods. In other words, *El Ranco* reviewed whether the written "three-copy sale receipts" were the basis of the transaction (and thus an "instrument in writing" subject to the six-year statute), or whether the order and delivery of meat on a day-to-day basis was an "open account" (subject to the four-year statute). That makes the district court's discussion of *El Ranco* incorrect:

> And it's interesting, because the case that was cited by plaintiffs in this matter under [NRS §11.190.1(b)] specifically addresses an issue where there's a possible conflict with the statutes. And if I'm reading this correctly, it is the *El Ranco Incorporated vs. New York Meat*. And in that particular position under the position of the Court, they talk about the interpretations of using that language, where the legislative purpose was to allow a longer time to commence in actions where there is solid written proof of the agreement. And it's interesting, because the case actually also addresses the situation where if one's selling upon an open account and in that particular case there was a discussion whether or not it was considered an open account or not….

> It says, "One selling upon an open account may properly protect himself by obtaining written evidence of the sales he makes and if a seller does obtain a sufficient instrument in writing there is no reason why he should be precluded from enjoying the longer limitation statute[ ]." [*El Ranco*, 493 P.2d at 1321.]

> It's tell[ing] you that even though there's a statute that talks about the four year, in this situation, that if you do something in writing and you can show there's proper properly something in writing to show the contract, then it gives you the – it protects them and gives them the extra two years basically is what it is.

11

And so the statute of limitations argument with regards to it being under four years I don't – I'm not convinced of that, so I'm denying that motion with respect to that.  [Appx. 143:12 – 143:25, and 144:5 – 144:19.]

The Honorable Judge hearing this matter had trouble reconciling *El Ranco* with *Mobile Discount*, by his own admission.  (Appx. at 143:4 – 143:11, and 151:17 – 152:8.)  Providing guidance to the district court is therefore proper.

## IV.   THE UNIFORM COMMERICAL CODE, BY DEFINITION, IS TO BE INTERPRETED AND APPLIED UNIFORMLY

The UCC was enacted to "make uniform the law among the various jurisdictions," per NRS §104.1103.1(c), and should be so construed.  *Mobile Discount* is in line with authority from the overwhelming majority of states that have enacted the model version of UCC §2-725.  Besides *Scott v. Ford Motor Credit, supra*, such cases include *Massey-Ferguson Credit Corp. v. Casaulong*, 62 Cal.App.3d 1024 (Cal. App. Ct. 1976); *Jack Heskett Lincoln-Mercury v. Metcalf*, 158 Cal.App.3d 38 (Cal. App. Ct. 1984); *Worrel v. Farmers Bank*, 430 A.2d 469 (Del. 1981); *First Hawaiian Bank v. Powers*, 998 P.2d 55 (Haw. App. Ct. 2000); *Citizens National Bank v. Farmer*, 395 N.E.2d 1121 (Ill. App. Ct. 1979); *Fallimento C. Op. M.A. v. Fischer Crane Co.*, 995 F.2d 789 (7th Cir. 1993) (applying Illinois law); *Barnes v. Community Trust Bank*, 121 S.W.3d 520 (Ky. App. Ct. 2003); *DAN Joint Venture III v. Clark*, 218 S.W.2d 455 (Mo. App. 2006); *Associates Discount Corp. v. Palmer*, 219 A.2d 858 (N.J. 1966); *Ford*

12

*Motor Credit Co. v. Arce*, 791 A.2d 1041 (N.J. Super. Ct. 2002); *First National Bank in Albuquerque v. Chase*, 887 P.2d 1250 (N.M. 1994); *Scarsdale v New York City Water Board*, 824 N.Y.S.2d 325 (N.Y. App. Div. 2006); *Wuhu Import & Export Corp. v. Capstone Capital LLC*, 834 N.Y.S.2d 129 (N.Y. App. Div. 2007); *Herba v. Chichester*, 754 N.Y.S.2d 695 (N.Y. App. 2003); *Alice A. Baker Inc. v. Norton*, 747 N.Y.S.2d 146 (N.Y. Sup. Ct. (Rensselaer Co.) 2002); *Bluefin Wear Inc. v Tuesday's Child Boutique Inc.*, No. 13766/10, 33 Misc. 3d 1233(A); 2011 WL 6187134 (N.Y. Sup. Ct. (Kings Co.) Dec. 14, 2011); *May Co. v. Trusnik*, 375 N.E.2d 72 (Ohio App. Ct. 1977); *Gimbel Bros. Inc. v. Cohen*, No. 68-7502, 46 Pa. D. & C. 2d 747, 1969 WL 11076 (Pa. Ct. Common Pleas (Montgomery Co.) 1969); *Action Management Inc. v. Fratello*, No. 743-S-1999, 46 Pa. D. & C.4th 139, 2000 WL 1865005 (Pa. Ct. Common Pleas (Dauphin Co.) 2000); *Industrial Valley Bank v. Sharpe*, No. 3368, 15 Pa. D. & C.3d 506, 1980 WL 98412 (Pa. Ct. Common Pleas (Phila. Co.) 1980); *First National Bank of Pennsylvania v. Keefer*, No. 2764-2004, 76 Pa. D. & C. 4th 233, 2005 WL 4309996 (Pa. Ct. Common Pleas (Fayette Co.) 2005); *Ideal Builders Hardware Co. v. Cross Construction Co.*, 491 S.W.2d 228 (Tex. App. Ct. 1972); and *DaimlerChrysler Services North America LLC v. Ouimette*, 830 A.2d 38 (Vt. 2003).

Applying *El Ranco*, a pre-UCC case, was clear error. The facts and law of that case are distinguishable. The decision runs against both *Mobile Discount* and

13

the weight of supporting authority from other states.[3] *Mobile Discount* should
have applied instead, given the conformity of that case to the pending matter.

## V.   OTHER FUNDAMENTAL PRINCIPLES WERE NOT APPLIED

### A.   *Specific statutes control over general ones*

Under *In re Resort at Summerlin*, 122 Nev. 177, 185; 127 P.3d 1076, 1081
(Nev. 2006), "where a general statutory provision and a specific one cover the
same subject matter, the specific provision controls." *Accord, In re S.M.M.D.*, 128
Nev.Adv.Op. 2, 272 P.3d 126, 133 (Nev. 2012).  This case concerns not just any
contract, but a retail installment contract for the sale of goods.  That Soto's
contract is covered by a specific statute is shown explicitly by the conformity of
that contract to the form retail installment contracts produced by the state, for
motor vehicle sales, as required by NRS §97.299 and NAC §97.050.

Comparison of NRS §§11.190.1(b) and 104.2725 demonstrates the district
court's error.  Under NRS §11.190.1(b),

> except as otherwise provided... actions other than those for the recovery of
> real property, **unless further limited by specific statute,** may only be
> commenced as follows:
>
> 1.   Within 6 years.... [on]

---

[3] *North Carolina National Bank v. Holshouser*, 247 S.E.2d 645 (N.C. App. 1978),
cited by Autovest below (see Appx. at 32), has nothing to say about Nevada law,
does not give grounds for overturning *Mobile Discount* (which came after
*Holhouser*), and runs against the weight of authority from other states.

14

(b)   An action upon a contract, obligation or liability founded upon an instrument in writing, except those mentioned in the preceding sections of this chapter. [Emphasis added.]

NRS §§104.2725.1 and 104.2725.2 are "specific statutes" that override NRS §11.190.1(b):

An action for breach of any contract for sale must be commenced within 4 years after the cause of action has accrued....

A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach....

Within the UCC, a "contract for sale" includes "both a present sale of goods and a contract to sell goods at a future time. A 'sale' consists in the passing of title from the seller to the buyer for a price." NRS §104.2106.1. "Goods" are "all things (including specially manufactured goods) which are movable at the time of identification to the contract for sale other than the money in which the price is to be paid." NRS §104.2105.1. The contract at issue here – and in *Mobile Discount* – fits under the description in the UCC for a "contract for sale of goods."

B.    *NRS §104.2725 is unambiguous*

At argument, the conflict between the desire to decide cases on the merits and the need to enforce statutes of limitations was raised, with the district court finding that because "the courts... presumably want us to hear everything on the merits, that it would make [it] reasonable to believe that... the longer statute would be allowed." (See Appx. at 152:19 – 152:22.) Yet "statutes of limitation are

15

procedural bars to a plaintiff's action." *G&H Associates v. Ernest W. Hahn Inc.*, 113 Nev. 265, 272; 934 P.2d 229, 233 (Nev. 1997).  They are designed "to provide a concrete time frame within which a plaintiff must file a lawsuit and after which a defendant is afforded a level of security." *Winn, supra*, 277 P.3d at 465.  Anything less than compliance makes recovery improper, regardless of the merits.

    *Berkson v. LePome*, 126 Nev.Adv.Op. 46, 245 P.3d 560, 563-564 (Nev. 2010), held that "words in a statute will be given their plain meaning unless such an approach would violate the spirit of the act.  Further, a statute will be construed in order to give meaning to its entirety, and this court will read each sentence, phrase, and word to render it meaningful within the context of the purpose of the legislation." (Citations and internal quotation marks omitted.)  See *JED Property LLC v. Coastline RE Holdings NV Corp.*, 131 Nev.Adv.Op. 11, 343 P.3d 1239, 1240-1241 (Nev. 2015) (same).  *Berkson*, 245 P.3d at 568, further held that

> we should not supply judicial meaning to a statute that is plain and
> unambiguous. Rather, this court should leave [the] decision to the
> Legislature if it wants to extend statute-of-limitations periods for
> judgments....

    NRS §104.2725 holds that "an action for breach of any contract for sale **must** be commenced within 4 years after the cause of action has accrued.... A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach." (Emphasis added.)  As the matter sued on is a

16

contract for sale of goods, NRS §104.2725 precludes any recovery on Autovest's late suit, making summary judgment for Soto proper.

### C.   *The district court reached an absurd result*

Under NRS §104.2201, contracts for the sale of goods for more than $500 (like Soto's vehicle purchase) must be in writing.  If NRS §104.2725 is found to not apply to a written contract for sale of goods over time, then the four-year statute of limitations can apply only to contracts for sales of goods over time for less than $500.  Yet NRS §104.2725 makes no distinction between oral contracts and written ones – the statute of limitations applies to "***any*** contract for sale." (Emphasis added.)  Under *Ali v. Federal Bureau of Prisons*, 552 U.S. 214, 218-219 (2008), the word "any" in a statute "has an expansive meaning, that is, 'one or some indiscriminately of whatever kind.'"  (Citation omitted.)

This Court "interprets provisions within a common statutory scheme harmoniously with one another in accordance with the general purpose of those statutes to avoid unreasonable or absurd results and give effect to the Legislature's intent."  *Simmons Self-Storage Partners LLC v. Rib Roof Inc.*, 130 Nev.Adv.Op. 57, 331 P.3d 850, 854 (Nev. 2014).  It is absurd for a uniform act, specifying a four-year statute of limitations on contracts for the sale of goods, to apply only to contracts for sales over time worth less than $500, with no indication in that uniform act of that intent.

17

### D.   Application of precedent is mandatory

This Court is "loath to depart from the doctrine of *stare decisis* and will overrule precedent only if there are compelling reasons to do so." *Reno v. Howard*, 103 Nev.Adv.Op. 12, 318 P.3d 1063, 1065 (Nev. 2014). "Legal precedents of this Court should be respected until they are shown to be unsound in principle." *ASAP Storage Inc. v. Sparks*, 123 Nev. 639, 653; 173 P.3d 734, 743 (Nev. 2007) (citations and quotation marks omitted).

Here, the district court was presented with two decisions of this Court. It applied *El Ranco* (493 P.2d at 1321-1322), which held that "if the writing upon its face shows a liability to pay, such liability is on a written instrument within the statute of limitations" set by NRS §11.190.1(b). *Mobile Discount* (656 P.2d at 852-853), decided eleven years later, dealt with a written contract that would subject to NRS §11.190.1(b) and *El Ranco*, except that it was a special written contract – a retail installment contract – subject to a statute that *El Ranco* did not, and *could* not, consider because the UCC was not in effect when that case:

> it is quite clear the Prices defaulted in 1971 when they failed to make any
> further payments on their retail installment contract. Having defaulted, the
> cause of action accrued at that time because under the UCC provisions
> dealing with the statute of limitations "[a] cause of action accrues when the
> breach occurs, regardless of the aggrieved party's lack of knowledge of the
> breach." NRS §104.2725. Nevertheless, appellant [Mobile Discount]
> contends that Western Coach continued to make the delinquent interest
> payments through March of 1980; therefore, it is argued that these payments
> tolled the statute of limitations until March of 1980 when Western Coach

18

refused to continue to make the delinquent interest payments. We disagree…. [because] where the payment is made by a third party, [the statutory clock is not reset by a payment unless it is] authorized by the debtor and under his direction…. [Citations omitted.]

*Mobile Discount* explicitly held that the contract was subject to a four-year statute of limitations. The district court did not apply binding precedent on an undistinguishable case, and instead followed an older case dealing with a different statute. This constitutes sufficient grounds for issuing a writ of mandamus.

### *CONCLUSION*

A writ of mandamus should be issued directing the Eighth Judicial District Court (and the Honorable William D. Kephart ) to (1) vacate an order denying Soto's motion for summary judgment, (2) find that the four-year statute of limitations found in NRS §104.2725 applies to the transaction on which Autovest LLC sued Soto, (3) find that Autovest's suit was time-barred, and (4) enter judgment in Soto's favor.

Respectfully submitted on May 14, 2015:

Mitchell D. Gliner (Nev. No. 3419)
3017 W. Charleston Blvd., Suite 95
Las Vegas NV 89102
(702) 870-8700
(702) 870-0034 (fax)
mgliner@glinerlaw.com

Thomas E. Soule (Ill. No. 6282139)
Edelman Combs Latturner & Goodwin LLC
20 South Clark Street, Suite 1500
Chicago IL 60603
(312) 739-4200
(312) 419-0379 (fax)
tsoule@edcombs.com
*appearing pro hac vice*

*Attorneys for petitioner Valerie Soto*

19

1

## *AFFIDAVIT (NRS §34.170 & Nev.R.App.P. 21(a)(5))*

2

STATE OF ILLINOIS      )

3                                       )       SS.

COUNTY OF COOK      )

4

5      Under NRS §§15.010 and 34.170, Nev.R.App.P. 21(a)(5), and all other

6 applicable laws and rules, I, Thomas E. Soule, an attorney admitted to the practice

of law by this court *pro hac vice*, state on oath that (1) I represent Valerie Soto in

7 the above-entitled action; (2) I know the contents of the preceding petition for a

8 writ of mandamus; (3) I have read it; (4) its contents are true and correct (except on

such matters stated on information and belief and, on such matters, that I believe

9 them to be true); (5) the facts relevant to this petition are within my knowledge in

10 my place as Soto's attorney; (6) the petition is not brought for purposes of delay;

(7) the petition is not filed for frivolous reasons but is, instead, brought on a good-

11 faith belief that the requested relief is appropriate; and (8) I understand that I may

12 be subject to sanctions in the event that the accompanying brief is not in

13 conformity with the requirements of the Nevada Rules of Appellate Procedure.

14 Respectfully submitted on May 14, 2015:

15

16 Thomas E. Soule (Ill. No. 6282139) (*pro hac vice*)

17 Edelman Combs Latturner & Goodwin LLC

18 20 South Clark Street, Suite 1500

Chicago IL 60603

19 (312) 739-4200

20 (312) 419-0379 (fax)

tsoule@edcombs.com

21

22 *Subscribed to and sworn before me on May 14, 2015:*

23

24 *Notary Public*

25

26

27

OFFICIAL SEAL
EVE CLEMMER
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:04/27/17

28

20

### *CERTIFICATE OF COMPLIANCE (Nev.R.App.P. 28.2)*

STATE OF ILLINOIS       )
                        )       SS.
COUNTY OF COOK          )

Under NRS §15.010, and Nev.R.App.P. 28.2, and all other applicable laws and rules, I, Thomas E. Soule, an attorney admitted to the practice of law by this court *pro hac vice*, and counsel to petitioner Valerie Soto, state on oath that (A) I have read Valerie Soto's petition for a writ of mandamus; (B) the petition is (to the best of my knowledge, information and belief) not frivolous or interposed for any improper purpose (such as harassment, unnecessary delay or needless increase in the cost of litigation); (C) the petition complies with all applicable rules; (D) every assertion in the petition regarding matters of record is supported by the appendix attached to the petition (by reference to the page number of the appendix where the information is found), as required by Nev.R.App.P. 28(e); (E) the brief complies with the requirements of Nev.R.App.P. 32(a)(4), 32(a)(5), 32(a)(6) and 32(c)(2), and specifically that the petition is produced in 14-point Times New Roman, and contains 4,675 words (based on the word-count function of the Microsoft Word program used to create it); and (F) I understand that I may be subject to sanctions in the event that the accompanying brief is not in conformity with the requirements of the Nevada Rules of Appellate Procedure.

Respectfully submitted on May 14, 2015:

Thomas E. Soule (Ill. No. 6282139) *(pro hac vice)*
Edelman Combs Latturner & Goodwin LLC
20 South Clark Street, Suite 1500
Chicago IL 60603
(312) 739-4200
(312) 419-0379 (fax)
tsoule@edcombs.com

*Subscribed to and sworn before me on May 14, 2015:*

*Notary Public*

OFFICIAL SEAL
EVE CLEMMER
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:04/27/17

21

*CERTIFICATE OF SERVICE*

Under penalty of perjury, under NRS §15.010 and all other applicable laws and rules, I, Mitchell D. Gliner, certify that the preceding petition and the appendix attached to it were filed with the Clerk of the Supreme Court of Nevada, with a separate notice as required by rule being filed with the Clerk of the Eighth Judicial District Court, and that the same papers were served on the following persons by mail (with postage fully prepaid) on May 14, 2015:

Hon. Adam P. Laxalt
Attorney General of Nevada
555 East Washington Avenue, Suite 3900
Las Vegas NV 89101

Hon. William D. Kephart                 Hon. Steven D. Grierson
Judge, Eighth Judicial District Court   Clerk, Eighth Judicial District Court
200 Lewis Avenue, Third Floor           200 Lewis Avenue, Third Floor
Las Vegas NV 89155                      Las Vegas NV 89155

Ronald H. Reynolds                      R. Travis Campbell
Reynolds & Associates                   Simmonds & Narita LLP
823 Las Vegas Boulevard South, Suite 280   44 Montgomery Street, Suite 3010
Las Vegas NV 89101                      San Francisco CA 94104

Respectfully submitted on May 14, 2015:

Mitchell D. Gliner (Nev. No. 3419)
3017 W. Charleston Blvd., Suite 95
Las Vegas NV 89102
(702) 870-8700
(702) 870-0034 (fax)
mgliner@glinerlaw.com

*Subscribed to and sworn before me on May 14, 2015:*

*Notary Public*

CAROL MORRISON
Notary Public-State of Nevada
APPT. NO. 94-0066-1
My App. Expires October 11, 2015

22

1

## IN THE SUPREME COURT OF THE STATE OF NEVADA

2

3   VALERIE P. SOTO,              )
         Petitioner,      )

4                        ) Supreme Court No. _____
      v.               )

5                        ) 8th Jud. Dist. Ct. Case No.
EIGHTH JUDICIAL DISTRICT COURT ) A 14 702587 C (Dept. XIX)

6   OF THE STATE OF NEVADA, IN AND )
FOR CLARK COUNTY, and THE HON. )

7   WILLIAM D. KEPHART,      )
         Respondents;     )

8                        )

9   AUTOVEST LLC,            )
         Real Party In Interest.  )

10  _____)

11

### NEV.R.APP.P 26.1 DISCLOSURE BY COUNSEL FOR VALERIE SOTO

12

13    Under Nev.R.App.P. 26.1, the undersigned counsel of record for Valerie Soto, who have appeared in the Court below and will appear before this Court, certify that the following are

14  persons and entities as described in NRAP 26.1(a), and must be disclosed. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

15

16    1.  There are no parent corporations or publicly held companies to disclose under Nev.R.App.P. 26.1, as to Valerie Soto.

17

18    2.  Mitchell D. Gliner (and his office), and Thomas E. Soule (of the law offices of Edelman Combs Latturner & Goodwin LLC) have appeared for Valerie Soto in the

19      Eighth Judicial District Court, and would appear for her in this Court, as to the above-entitled litigation

20

21  Respectfully submitted on May 14, 2015:

22

23  Mitchell D. Gliner (Nev. No. 3419)    Thomas E. Soule (Ill. No. 6282139)
3017 W. Charleston Blvd., Suite 95    Edelman Combs Latturner & Goodwin LLC

24  Las Vegas NV 89102                20 South Clark Street, Suite 1500
(702) 870-8700                    Chicago IL 60603

25  (702) 870-0034 (fax)             (312) 739-4200
mgliner@glinerlaw.com          (312) 419-0379 (fax)

26                               tsoule@edcombs.com
                             *appearing pro hac vice*

27

28  *Attorneys for petitioner Valerie Soto*