UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| VALERIE SOTO,<br><br>              Plaintiff,<br><br>v.<br><br>AUTOVEST, L.L.C.,<br><br>              Defendant. | Case No. 2:14-cv-01765-APG-VCF<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>(Dkt. ##28, 31) |

      Defendant Autovest, LLC sued plaintiff Valerie Soto in Nevada state court to collect on Soto's unpaid auto loan. Soto then filed this case against Autovest, alleging that its attempts to collect this debt violated the Fair Debt Collection Practices Act ("FDCPA").

      Soto's FDCPA claim hinges on what statute of limitations period applies to collection of the debt. Soto believes a four-year period applies; Autovest contends it is seven years. Recently in the state action, Autovest received partial summary judgment that a seven-year period applies to Soto's claim.

      Autovest now moves for judgment on the pleadings. It argues that the state court's determination about the applicable limitations period should govern here in federal court under the doctrine of issue preclusion. But Autovest has not established that the state court's decision is preclusive. One of the elements of issue preclusion is that the issue be determined in an action that has reached a final judgment. That has not yet happened because the state court action is still proceeding. I therefore deny Autovest's motion.

**I.     Discussion**

      A party may move for judgment on the pleadings "[a]fter the pleadings are closed." Fed. R. Civ. P. 12(c). "A judgment on the pleadings is properly granted when, taking all allegations in

the pleadings as true, the moving party is entitled to judgment as a matter of law." *Nelson v. City of Irvine*, 143 F.3d 1196, 1200 (9th Cir. 1988).

The sole issue disputed in the present motion is whether the state court's order on the applicable limitations period is binding on this court under the doctrine of issue preclusion. The doctrine of issue preclusion allows courts to conserve judicial resources, maintain consistency, and avoid harassment or oppression of the adverse party. *Alcantara v. Wal-Mart Stores, Inc.*, 321 P.3d 912, 916 (Nev. 2014). There are four elements to issue preclusion under Nevada law, and each must be met:

> (1) the issue decided in the prior litigation must be identical to the issue presented in the current action; (2) **the initial ruling must have been on the merits and have become final**;…(3) the party against whom the judgment is asserted must have been a party or in privity with a party to the prior litigation; and (4) the issue was actually and necessarily litigated.

*Alcantara*, 321 P.3d at 916 (emphasis added). Here, Autovest has not established that the second prong is met.

Nevada courts look to the Restatement (Second) of Judgments for guidance when determining when a ruling has become "final." *Berkson v. Lepome*, 245 P.3d 560, 566 (Nev. 2010); *Five Star Capital Corp. v. Ruby*, 194 P.3d 709, 715 (Nev. 2008). The Restatement defines "final" judgment as the "last word of the rendering court." Restatement (Second) of Judgments § 13 (1982). Generally, courts strictly apply the finality element. *Id.* at comment g.

In the present case, the state court entered a partial summary judgment on the applicable statute of limitations, not a final judgment on the merits. Until a final judgment is issued, judges are free to revisit prior rulings. *See Acha v. Beame*, 570 F.2d 57, 59 (2d Cir. N.Y. 1978) cited approvingly by the Nevada Supreme Court in *Mid-Century Ins. Co. v. Cherubini*, 95 Nev. 293, 295 (Nev. 1979) ("[A]n interlocutory judgment is subject to revision at any time before the entry

of judgment adjudicating all the claims and the rights and liabilities of all the parties. Whether such revision is appropriate in any given case is within the sound discretion of the trial judge."). Nevada law explicitly requires that the issue be decided in a final judgment on the merits constituting the "last word of the rendering court" before issue preclusion applies. *See Alcantara*, 321 P.3d at 916; Restatement (Second) of Judgments § 13. Autovest has provided no authority or analysis to suggest that a partial summary judgment constitutes a final ruling on the merits for purposes of issue preclusion. Until the state case reaches a final decision on the merits, Autovest cannot seek to give preclusive effect to any issues decided in that case. I therefore deny Autovest's motion.

**II. Conclusion**

IT IS THEREFORE ORDERED that defendant's Motion for Judgment on the Pleadings **(Dkt. #28) is DENIED**.

IT IS FURTHER ORDERED that plaintiff's Motion for Leave to File Sur-reply **(Dkt. #31) is DENIED**.

IT IS FURTHER ORDERED that this case will remain STAYED pursuant to Magistrate Judge Ferenbach's March 27, 2015 Order. (Dkt. #27.)

DATED THIS 30th day of July, 2015.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE